**Opinion issued May 18, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-16-00871-CR**

**NO. 01-16-00872-CR**

————————————

**TINA MARIE SEIFERT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1473061 & 1491510**

---

## MEMORANDUM OPINION

This case involves appeals from two convictions, one after revocation of deferred adjudication and the other from a conviction for a new offense that led to the revocation. In trial court cause number 1473061, appeal number 01-16-00871-

CR, Tina Marie Seifert pleaded guilty to the state jail felony offense of theft of property valued at less than $1,500 with two previous convictions of theft in exchange for a recommendation from the State that, among other things, the trial court defer adjudication and place her on community supervision for four years. *See* TEX. PENAL CODE § 31.03(e)(4)(D). The trial court followed the recommendation, deferred adjudication, and placed Seifert on community supervision for four years. Subsequently, the State moved to adjudicate on the ground that Seifert violated the terms of her community supervision by committing a new offense. Seifert pleaded true to the allegation, and the trial court adjudicated her guilty and sentenced her to 18 months in jail.

In trial court cause number 1491510, appeal number 01-16-00872-CR, Seifert pleaded guilty to the state jail felony offense of theft of property valued at less than $2,500 with two previous convictions of theft without an agreed recommendation as to punishment.[1] *See* TEX. PENAL CODE § 31.03(e)(4)(D). The trial court accepted Seifert's plea and sentenced her to 18 months in jail.

---

[1]   Seifert's indictment in case number 1473061 was filed on June 25, 2015, and her indictment in case number 1491510 was filed on December 11, 2015. Between the first and second indictment, the limit on the value of property stolen under section 31.03(e)(4)(D) was raised from $1,500 to $2,500. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10, 2015 Tex. Gen. Laws 4209, 4213 (effective September 1, 2015).

The sentences in the two cases were imposed to run concurrently. The trial court certified that Seifert had the right to appeal in both cases. Seifert timely filed notices of appeal from both convictions.

Seifert's appointed counsel on appeal has filed motions to withdraw, along with briefs, stating that the records present no reversible error and the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).

Counsel's briefs meet the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the records and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the records and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed us that he delivered copies of the motions to withdraw and *Anders* briefs to Seifert and informed her of her right to access the records and provided her with form motions for access to the records. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Counsel has also informed us that he advised Seifert of her

right to file pro se responses to the *Anders* briefs and the deadline to file the responses. Seifert has not filed pro se responses.

We have independently reviewed the entire records in these appeals, and we conclude that no reversible error exists in the records, there are no arguable grounds for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgments of the trial court and grant counsel's motions to withdraw.[2] Attorney Glenn Youngblood must immediately send Seifert the required notices and file copies of the notices with the Clerk of this Court. *See* TEX. R. APP. P. P. 6.5(c). We dismiss any pending motions as moot.

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).